UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anytime Fitness, LLC,

    Plaintiff,

v.

Remilekun Davis and D2 & Associates, LLC,

    Defendants.

Civil No. 16-2291 (JNE/TNL)
ORDER

Invoking the jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2012),[1] Anytime Fitness, LLC, brought this action against its franchisee and the franchisee's guarantor, D2 & Associates, LLC, and Remilekun Davis, respectively, for breach of contract, misappropriation of trade secrets, tortious interference, unfair competition, and unjust enrichment.  Observing deficiencies in Anytime Fitness's jurisdictional allegations, the Court grants Anytime Fitness an opportunity to file an amended complaint.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)).

---

[1]     Although Anytime Fitness asserted that the action is "between a citizen of Minnesota and citizens of Texas," it cited 28 U.S.C. § 1332(a)(2), which confers jurisdiction over certain actions between "citizens of a State and citizens or subjects of a foreign state."

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). The party that invokes jurisdiction based on diversity of citizenship bears the burden of alleging each party's citizenship. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

"While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). "Despite [its] oft-repetition of the rule linking unincorporated entities with their 'members,' [the Supreme Court has] never expressly defined the term." *Id.* at 1015. It has equated an association's members with its owners or the several persons composing the association. *Id.* "Applying this principle with reference to specific States' laws, [the Supreme Court has] identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on." *Id.*

In its complaint, Anytime Fitness alleged that it "is a limited liability company organized under the laws of Minnesota with its principal place of business located" in Minnesota. For the purpose of diversity jurisdiction, a limited liability company's citizenship is that of its members. *Id.*; *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*,

357 F.3d 827, 829 (8th Cir. 2004).  Anytime Fitness did not allege the citizenship of its members.

Anytime Fitness alleged that Remilekun Davis "is an individual residing" in Texas and that Davis "is the sole member" of D2 & Associates, LLC.  Anytime Fitness alleged that Davis and D2 & Associates are citizens of Texas.  *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 & n.6 (8th Cir. 2014).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653 (2012); *see Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).  Unless Anytime Fitness files an amended complaint that redresses the deficiencies noted above within seven days of the date of this Order, the Court will dismiss this action for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: July 7 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
